United States District Court
Southern District of Texas
**ENTERED**
December 20, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Joe Andrew Garcia, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. 4:23-cv-04541 |
| v. | § | |
| | § | |
| Martin O'Malley, Commissioner of Social Security, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER ON ATTORNEY'S FEES

Plaintiff Joe Andrew Garcia has filed a motion requesting an award of $7,328.40 in attorneys' fees under the Equal Access to Justice Act, following his successful appeal of the Social Security Administration's adverse ruling under 42 U.S.C. § 405(g). *See* Dkt. 17. Defendant Martin O'Malley, the Commissioner of Social Security, is unopposed to the requested relief. As explained below, Garcia's motion is granted.

## Analysis

### I. Garcia is entitled to recover attorney's fees.

The Equal Access to Justice Act ("EAJA") authorizes a plaintiff to recover reasonable attorneys' fees after successfully appealing a decision by the Social Security Administration. *See* 28 U.S.C. § 2412(d)(1)(A). To recover those fees, a plaintiff must establish: (1) that he is the prevailing party; (2) that he timely

filed a fee application, (3) the Government's position was not substantially justified; and (4) no special circumstances would make a fee award unjust. *See Reese v. Saul*, 2021 WL 2188686, at *1 (S.D. Tex. Apr. 1, 2021) (citing, *inter alia*, 28 U.S.C. § 2412(d)(1)(A)-(B)).

Garcia is the prevailing party. The Commissioner requested that the case be reversed and remanded to the Administration under the fourth sentence of Section 405(g), Dkt. 12, which this Court granted, Dkt. 15. The Commissioner's concession, coupled with this Court's order, confirm that Garcia prevailed and that the Administration's position was not substantially justified. *See Myles v. Kijakazi*, 2022 WL 22627274, at *1 (S.D. Tex. Sept. 15, 2022) (same conclusion where Defendant agreed that reversal and remand were warranted), *adopted by* 2022 WL 22627275 (S.D. Tex. Oct. 3, 2022).

Garcia also timely sought attorneys' fees within thirty days of when the district court's judgment became final. *See* 28 U.S.C. § 2412(d)(1)(B) (30-day deadline from final judgment); *id.* § 2412(d)(2)(G) (defining "final judgment" as "a judgment that is final and not appealable"); Fed. R. App. P. 4(a)(1)(B) (60-day deadline for notice of appeal when a federal agency or officer is a party); Dkt. 16 (May 29, 2024 final judgment); Dkt. 17 (July 29, 2024 motion). No special circumstances make a fee award unjust. An award of fees under the EAJA is therefore proper.

Next, the Court examines the number of hours worked and the applicable hourly rate. Garcia seeks recovery for 31.0 attorney hours—fewer than the 34.6 hours his counsel worked. *See* Dkt. 17 at 2. His requested number of hours falls within the typical range for Social Security appeals. *See, e.g.*, *Thomas H. v. Kijakazi*, 2023 WL 5191950, at *2 (S.D. Tex. Aug. 10, 2023) (typical range is twenty to forty hours).

As for the hourly rate, counsel's requested rate of $236.40 exceeds the EAJA rate of $125, which was last amended in 1996, but is in keeping with the relevant rate after accounting for cost-of-living adjustments in this area. Regardless of where the attorney offices, this Court applies the local Consumer Price Index ("CPI") to determine the appropriate adjusted hourly rate. *See Deborah S. v. Comm'r of Soc. Sec.*, 2022 WL 393834, at *2-3 (S.D. Tex. Feb. 9, 2022) (applying local CPI even though counsel was based in New York). Without belaboring the calculations, the local CPI-adjusted hourly rates are $234.41 for 2023, and $239.49 for 2024.[1] *See Mikush v. O'Malley*, 2024 WL 4424797, at *2 (S.D. Tex. Oct. 4, 2024) (specifying these rates); *Kelsey v.*

---

[1] The full CPI chart for the Houston-The Woodlands-Sugar Land, Texas area is available on the U.S. Bureau of Labor Statistics' website. *See Databases, Tables & Calculators by Subject*, U.S. Bureau of Lab. Stat., https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited Sept. 20, 2024). Although the annual CPI for 2024 has yet to be published, the CPI for the first half of this year is 91.59% higher than the base rate of 142.7 as of 1996 (*i.e.*, (273.400-142.7)/142.7), which results in an adjusted hourly rate of $239.49 (*i.e.*, 1.9159 x $125). *See id.*

*O'Malley*, 2024 WL 1016372, at *2 (S.D. Tex. Feb. 14, 2024) (explaining the formula), *adopted by* 2024 WL 1023036 (S.D. Tex. Mar. 8, 2024).

Applying the local CPI-adjusted rates ($234.41 for 2023, and $239.49 for 2024) to the number of attorney hours worked (3.0 hours in 2023 and 31.6 hours in 2024) results in a total of $8,271.11. Yet Plaintiff seeks only $7,328.40 because counsel voluntarily deducted three hours from the fee application and requested an hourly rate of $236.40, which falls between the adjusted EAJA rates for the years when the legal services were provided. The requested total of $7,328.40 is a reasonable amount of attorney's fees to award in this case.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Plaintiff Joe Andrew Garcia's motion for attorney's fees is **GRANTED**, and that he be awarded $7,328.40 in reasonable attorney's fees under the Equal Justice Act. It is further **ORDERED** that the award must be payable to Garcia, but Defendant may send the payment to Garcia's counsel: David F. Chermol, Chermol & Fishman, LLC, 11450 Bustleton Avenue, Philadelphia, PA, 19116.

Signed on December 20, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge